COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Haley


LINDA WILLETT

MEMORANDUM OPINION[*]

v.      Record No. 0383-05-2                          PER CURIAM
                                                      AUGUST 2, 2005

JANICE TRUMAN AND
 KEVIN TRUMAN


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Pamela S. Baskervill, Judge

(Neil Kuchinsky; Kuchinsky & Associates, P.C., on brief), for
appellant.

(Adrienne George-Eliades; The Eliades Law Firm, P.L.L.C., on
brief), for appellees.


This appeal arises from the trial court's order upholding visitation rights granted to Janice and Kevin Truman, aunt and uncle to David Comer.  On appeal, appellant contends the trial court erred in modifying the visitation arrangements even though it sustained the Trumans' motion to strike appellant's evidence.  Upon consideration of the record and briefs of the parties, we conclude that appellant failed to preserve this issue for appeal.  Rule 5A:18.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

Appellant sought to terminate the Trumans' visitation rights with Comer, her minor son, on the ground that the emotional turmoil surrounding the visits was not in Comer's best interests.  The visitation order at issue was entered by the Juvenile and Domestic Relations District Court of Dinwiddie County (J&DR court) on March 9, 2004.  Pursuant to that order, appellant's son was to spend one twenty-four-hour period per month with the Trumans.

_____

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After the J&DR court denied appellant's motion to amend the visitation, appellant appealed to the circuit court, and appeared *pro se* in a hearing held December 8, 2004. The trial court heard evidence from appellant and a social worker concerning heated confrontations between appellant and the Trumans in Comer's presence, as well as the anxiety and stress which such confrontations produced in Comer.

At the conclusion of the evidence, the trial court granted the Trumans' motion to strike, but amended the visitation order to provide that the child would be picked up and dropped off in the Dinwiddie Sheriff's Department parking lot and that there would be "no conversation between the parties during such exchange other than cordial salutations."

While appellant objected to the trial court's order granting the Trumans' motion to strike, the question presented on appeal is whether the trial court erred "in sustaining the appellees' motion to strike while at the same time modifying the visitation arrangements contained in the previous order." Appellant did not present this argument[1] to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. See also Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (proceeding *pro se* does not give a defendant license to ignore the procedural and substantive rules of law); Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) (*pro se* parties must comply with the rules of court).

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a

---

[1] To the extent appellant argues that the trial court lacked subject matter jurisdiction over the terms of visitation, we reject this argument. See Code § 16.1-296(I).

> miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, we summarily affirm the trial court's judgment. Rule 5A:27.

Finally, the Trumans ask for an award of attorneys' fees and costs related to this appeal. Upon consideration of the entire record in this case, we hold that the Trumans are entitled to a reasonable amount of attorney's fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Accordingly, we remand this case to the trial court solely for a determination of those fees and costs.

<u>Affirmed and remanded.</u>