COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Retired Judge Whitehurst[*]
Argued at Norfolk, Virginia

CLAUDIA S. DIAMOND

v.          Record No. 1300-94-1          OPINION BY
                                          JUDGE RICHARD S. BRAY
ROY L. DIAMOND                            JUNE 13, 1995

           FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Nelson T. Overton, Judge

           Terry N. Grinnalds for appellant.

           LeeAnn N. Barnes (Isabel H. AtLee; Hall, Fox,
           AtLee & Robinson, P.C., on brief), for
           appellee.


     Claudia S. Diamond (wife) and Roy L. Diamond (husband) were
divorced by final decree of the trial court. Wife complains on
appeal that the court erroneously entered the decree without
requisite notice to her. We disagree and affirm the judgment of
the trial court.

     The procedural history is uncontroverted. Wife was
personally served with husband's bill of complaint on March 2,
1994, but filed no responsive pleadings. She subsequently
received notice of the taking of depositions before a
commissioner in chancery and appeared at the related hearing, on
May 24, 1994, without counsel. At the conclusion of husband's
evidence, wife initially declined the commissioner's invitation
to offer evidence or argument and orally requested a continuance
to retain counsel. After this motion was overruled by the

_____

[*]Retired Judge Alfred W. Whitehurst took part in
consideration of this case by designation pursuant to Code
§ 17-116.01.

commissioner,[1] wife challenged, again orally, husband's evidence pertaining to the period of separation and demanded "half of [his] retirement" and "$500 for alimony."  At the conclusion of the hearing, wife expressly waived her signature to the depositions.

The commissioner subsequently prepared and filed with the trial court a written report, which reflected both factual findings and attendant recommendations, and mailed wife a notice of this action, together with copies of the report and supporting depositions.  Wife took no exception to the contents of the report, and the trial court entered the final decree in accordance with it on June 13, 1994.  Wife admitted receipt of a copy of the decree, mailed to her by husband's counsel at the direction of the trial court.

Wife now seeks to void the decree for noncompliance with

> Rule 1:13.  In pertinent part, Rule 1:13 prescribes that
> [d]rafts of orders and decrees shall be endorsed by
> counsel of record, or reasonable notice of the time and
> place of presenting such drafts together with copies
> thereof shall be served by delivering or mailing to all
> counsel of record who have not endorsed them.  Compliance
> with this rule . . . may be modified or dispensed with by
> the court in its discretion.

Id.; see Rosillo v. Winters, 235 Va. 268, 272-73, 367 S.E.2d 717, 719 (1988).  "A decree that fails to comply with Rule 1:13 is void."  Westerberg v. Westerberg, 9 Va. App. 248, 250, 386 S.E.2d

---

[1] The commissioner determined that wife had "ample notice" of the proceedings and further delay was unjustified.  Wife does not dispute this ruling on appeal.

115, 116 (1989).

Wife acknowledges that status as "counsel of record" as contemplated by Rule 1:13 is dispositive of her appeal. Id. Rule 1:5 defines "counsel of record" as "a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case." Id. The record clearly discloses that wife neither "signed a pleading" nor "notified the other part[y] and the clerk in writing that [s]he appear[ed] in the case" at any time during the disputed proceedings. Id. Wife's contention that her mere presence and comments at the depositions were tantamount to written notice of appearance in the case is without support in the Rules.

Accordingly, the provisions of Rule 1:13 were inapplicable to wife and the decree suffers no procedural infirmity.

Affirmed.