COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Richmond, Virginia


PAUL MARVIN BLYTHE

v.      Record No. 2483-05-2

JOYCE WRIGHT BLYTHE

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
AUGUST 22, 2006


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Paul M. Blythe, *pro se*.

Donald E. Gulledge (Gordon, Dodson, Gordon & Rowlett, on brief),
for appellee.


Appellant Paul Marvin Blythe ("husband") appeals a qualified domestic relations order

(QDRO) entered pursuant to Code § 20-107.3(K)(4), awarding Joyce Wright Blythe ("wife") the

gains earned on the portion of husband's retirement account distributed to her in the couple's

divorce decree.  On appeal, husband argues that the trial court erred by (1) granting wife's "motion

for gains and/or losses"; (2) "changing the allocation of a marital asset that was incorporated into

the final divorce decree"; (3) "disavowing" Rule 1:1; (4) "allowing the [wife's] attorney to set the

gains" for the QDRO; (5) "ruling for the [wife's] attorney to set the gains for the QDRO"; and

(6) "denying [husband's] arguments against the gains and losses."

We hold appellant has waived his arguments by failing to comply with Rule 5A:20, and we

therefore affirm the judgment of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

On appeal, we view the evidence in the light most favorable to wife, the party prevailing below.  Petry v. Petry, 41 Va. App. 782, 785-86, 589 S.E.2d 458, 460 (2003).  Thus viewed, the record establishes that the trial court entered a final divorce decree in this case on February 24, 2003, *nunc pro tunc* to March 13, 2002.  As a part of the divorce decree, the court distributed the couple's marital assets, including the funds in husband's deferred profit sharing account.  The final order awarded wife a specific amount of $196,828 while husband was awarded a specific amount of $234,000.  The decree left the record open for ninety days to allow the parties to enter a QDRO.

For a variety of reasons, including the internal policies of the deferred profit sharing plan's administrator, the QDRO was not entered within ninety days.  Following a hearing on the matter, the trial court entered a QDRO on September 14, 2005.  That QDRO used an evaluation date of July 26, 2005, in accordance with the plan administrator's policies.  In the over three-year interim between the final divorce decree and the entry of the QDRO, the amount in the account had increased; by that time, the wife's proportional share of the account, based on the division in the original divorce decree, was $222,809.

This appeal followed.

## II.  ANALYSIS

Husband waived his arguments through his failure to comply with Rule 5A:20; thus, we will not consider the merits of this case pursuant to the rules of this Court.

Rule 5A:20(c) requires a "statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court."  Rule 5A:20(e) mandates that the appellant's brief

include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

Husband, as the appellant, had the burden of showing by the record that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc).

Here, husband did not comply with Rule 5A:20(c). While he did list his six questions presented in his opening brief, he did not refer to the pages of the record showing that the issue was preserved in the trial court; rather, husband cited to the original divorce decree, a copy of Rule 1:1, the QDRO itself, and the entire hearing transcript.

Furthermore, husband did not comply with Rule 5A:20(e), as the brief he submitted does not contain sufficient principles of law, argument, or citation to legal authorities or the record to fully develop his arguments. Husband did refer to several cases and Rule 1:1 in his brief; however, he did not derive any legal argument from them and did not explain how they supported his position. Thus, we need not consider this argument. Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

Finally, our holding today that husband has waived his arguments on appeal due to his procedural default is consistent with our prior decisions. "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999);

see also <u>Diamond v. Diamond</u>, 20 Va. App. 481, 458 S.E.2d 303 (1995) (holding Rule 1:5 requires notice that the *pro se* party "appears in the case" as counsel). "[T]he 'right of self-representation is not a license' to fail 'to comply with the relevant rules of procedural and substantive law.'" <u>Townes v. Commonwealth</u>, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (quoting <u>Faretta v. California</u>, 422 U.S. 806, 834 n.46 (1975)), <u>cert. denied</u>, 485 U.S. 971 (1988).

As we have determined husband waived his arguments by failing to comply with Rule 5A:20(c) and (e), we do not reach the issue of husband's compliance with Rule 5A:18.

### III. CONCLUSION

Since husband did not comply with Rule 5A:20 by failing to refer in his brief to pages of the record showing that the issues he raised were preserved below and by failing to develop his arguments in his brief, we affirm the judgment of the trial court.

<u>Affirmed.</u>