COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Annunziata


LYSBETH TRIBBLE

MEMORANDUM OPINION[*]
v.      Record No. 1346-06-4                                    PER CURIAM
                                                          NOVEMBER 21, 2006
JOHN H. TRIBBLE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

(Lysbeth B. Tribble, *pro se*, on brief).

No brief for appellee.


Lysbeth Tribble (wife) appeals from the circuit court's April 28, 2006 order dismissing her rule to show cause and outlining certain rules concerning John H. Tribble's (husband) visitation with the parties' minor children.  On appeal, wife argues the trial court erred by (1) modifying an order without advance notice, (2) failing to hold husband in contempt for violating an earlier order, and (3) moving "*sua sponte* upon no pleadings made."  Upon reviewing the record and brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Wife did not comply with Rule 5A:20(c) which requires, in the opening brief, "a statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court."  In her brief, wife makes no reference to "the page(s) of the transcript . . . record or appendix where each question was preserved in the trial court."  "[W]e will not search the record

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for errors in order to interpret the appellant's contention and correct deficiencies in a brief."

Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Nevertheless, it appears wife filed a motion for reconsideration following the court's entry of the disputed order. However, that motion was received by the court after more than twenty-one days elapsed from the date of entry of the challenged order. See Rule 1:1. The court thus denied the motion and had no opportunity to consider, address, or resolve the issues wife raises on appeal.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Thus, Rule 5A:18 bars our consideration of these questions on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

"Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999); see also Diamond v. Diamond, 20 Va. App. 481, 458 S.E.2d 303 (1995) (holding Rule 1:5 requires notice that the *pro se* party "appears in the case" as counsel). "[T]he 'right of self-representation is not a license' to fail 'to comply with the relevant rules of procedural and substantive law.'" Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (quoting Faretta v. California, 422 U.S. 806, 834 n.46 (1975)), cert. denied, 485 U.S. 971 (1988).

Accordingly, we summarily affirm the decision of the trial court.

Affirmed.