COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


SHAHLA RAHNEMA

                                                    MEMORANDUM OPINION*
v.      Record No. 2701-07-1                        PER CURIAM
                                                    JUNE 10, 2008
MANSUR RAHNEMA


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Frederick B. Lowe, Judge

              (Shahla Rahbari, *pro se*, on briefs).

              (James Ray Cottrell; John K. Cottrell; Cottrell Fletcher Schinstock
              Bartol & Cottrell, on brief), for appellee.


       Shahla Rahbari (wife) appeals from the circuit court's October 19, 2007 final order.  On

appeal, wife contends the trial court erred by (1) denying her motion for reconsideration, (2) finding

the sum of $351,422 was marital property, (3) accepting husband's appraisal of certain property,

(4) "not making a firm ruling that no party will be allowed to claim rents or to pursue and recover

rents," (5) awarding husband $2,500 in attorney's fees, (6 and 7) finding the parties' marital

agreement required that certain property be sold, (8) distributing certain other marital property, and

(9) "not implementing to the full extent the Will Contract upheld by the Supreme Court."  Husband

requests attorney's fees and costs associated with this appeal.  Upon reviewing the record and

briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we construe the evidence in the light most favorable to [husband], the prevailing party below, granting to [his] evidence all reasonable inferences fairly deducible therefrom." Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

The parties married on April 24, 1993. On July 28, 1993, the parties entered into a post-nuptial agreement ("the Agreement") defining what property would constitute the marital estate in the case of a divorce and setting an amount for spousal support, among other provisions.

A later set of agreements, signed in 1994, purported to supplement the Agreement. Upon filing for a divorce in November 1997, husband attempted to have both the Agreement and the 1994 supplements declared unenforceable. The trial court ruled that the Agreement was enforceable but the supplements were not, and this Court affirmed that decision in Rahnema v. Rahnema, Record No. 1081-99-1 (Va. Ct. App. March 7, 2000). The trial court granted the divorce on April 23, 1999.

While proceedings continued to divide the marital estate under the terms of the marital agreement, husband filed suit to have the marriage annulled on grounds of bigamy. The trial court heard evidence on the matter and ruled the marriage was not bigamous and therefore not void, a ruling upheld by this Court in Rahnema v. Rahnema, 47 Va. App. 645, 626 S.E.2d 448 (2006).

Despite the pending annulment litigation, the trial court continued to hear evidence and address the division of the marital estate. After taking evidence, the trial court ruled from the bench on March 25, 2005, a ruling partially memorialized in a written order May 4, 2005. Husband appealed from that decision, challenging a number of the trial court's rulings. In Rahnema v. Rahnema, Record No. 1199-05-1 (Va. Ct. App. March 14, 2006) (Rahnema III), this

Court affirmed the trial court's rulings in part, reversed in part, and remanded the case for further proceedings consistent with that opinion.

On remand, the trial court heard numerous motions and after several hearings, ruled that husband's spousal support obligation had been discharged by prior payment. The court also ruled that wife owed $351,422 to the marital estate for monies she had transferred into her sole custody and for which she could not account. The trial court further awarded husband $2,500 in sanctions for wife's failure to admit her receipt of the spousal support payment. After the parties failed to agree on an in-kind distribution of marital real property, the trial court ordered that all of it be sold. Wife's present appeal followed.

## ANALYSIS

### I.

Wife presents no legal authority in support of the arguments numbered 1, 3, 4, 5, 6, 7, and 8.

Rule 5A:20(e) mandates that the opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

Wife has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore, this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

"Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999); see also Diamond v. Diamond, 20 Va. App. 481, 458 S.E.2d 303 (1995) (holding Rule 1:5 requires notice that the *pro se* party "appears in the case" as counsel). "[T]he 'right of self-representation is not a license' to fail 'to comply with the relevant rules of procedural and substantive law.'" Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (quoting Faretta v. California, 422 U.S. 806, 834 n.46 (1975)), cert. denied, 485 U.S. 971 (1988).

Here, wife did not comply with Rule 5A:20(e); the opening brief does not contain sufficient principles of law, argument, or citation to legal authorities or the record to fully develop her arguments. Thus, we need not consider these arguments. Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). In Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Supreme Court announced that when a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant, "the Court of Appeals may . . . treat a question presented as waived." In this case, we find wife's failure to comply with Rule 5A:20(e) is significant. Accordingly, the issues are waived.

## II.

In Rahnema III, this Court determined the trial court had abused its discretion by refusing to admit evidence of pre-separation transfers of marital funds to wife by husband, and remanded the case "to allow husband to present his evidence of [wife's] wrongdoing." Pursuant to this specific mandate, the trial court on remand heard evidence regarding the transfer of over $600,000 of marital funds to the sole dominion and control of wife. The court concluded wife had failed to account for $351,422 and determined that sum was marital property subject to division according to the terms of the Agreement.

"The judgment of the trial court is presumed correct and he who asserts the contrary is required to overcome the presumption by record proof . . . ." Kaufman v. Kaufman, 7 Va. App. 488, 499, 375 S.E.2d 374, 380 (1988). The burden is on the party seeking reversal to submit to the appellate court a record that enables the court to determine whether there has been an error. See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992).

Here, a transcript or a written statement of facts complying with Rule 5A:8(c) is indispensable to determining whether the trial court erred in determining whether the contested funds were marital property. The record contains no transcripts or written statement of facts from the court proceedings in which this issue was addressed.

Wife had the responsibility to provide this Court with an adequate record of the trial proceedings to enable the Court to reasonably understand the nature of the appeal and the underlying facts upon which the appeal is based. Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. An appellate court does not have the responsibility of scouring the record to understand the facts necessary to support a party's legal position. Id. Here, wife has failed to provide us with an adequate record to enable us to address the issue she raises. Because the record contains no transcripts or written statement of facts that is essential to the resolution of this issue, we will not decide the issue.

III.

Wife asserts the trial court erred by failing to implement the Will Contract provision in the Agreement.

- 5 -

In her brief, she states this issue was preserved as evidenced on pages 1-6 of the appendix. Those pages include the trial court's October 19, 2007 order and the following:

> Seen and objected to as to the award of attorney's fees, the finding by the court that certain funds were not satisfactorily traced and are therefore marital, the finding of the value of the High Mount at £230,000.00, for the denial of defendant's motion for reconsideration, and for all other reasons stated on the record.

However, she does not point to any pages in the appendix or record in which this argument specifically was made.

Wife did not comply with Rule 5A:20(c) which requires, in the opening brief, "a statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court." See Barrs v. Barrs, 45 Va. App. 500, 512, 612 S.E.2d 227, 232-33 (2005). As noted above, "we will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Because we have no indication wife preserved this issue under Rule 5A:18, we will not consider it on appeal and affirm the court's decision on this issue.

IV.

Husband requests costs and attorney's fees for matters relating to this appeal.

Upon a review of this appeal, we find that the wife's case presented numerous questions that were not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees to husband and remand this case to the trial court to determine an appropriate award of attorney's fees and costs incurred in this

appeal, including any attorney's fees and costs incurred at the remand hearing, and any reasonable attorney's fees and costs of collection, if necessary.

Accordingly, the judgment of the trial court is summarily affirmed and remanded.

<u>Affirmed and remanded.</u>