COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


DANIEL PAYNE SHADWELL

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0236-08-4                              PER CURIAM
                                                    SEPTEMBER 30, 2008
COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES,
  DIVISION OF CHILD SUPPORT ENFORCEMENT
  *ex rel.* TINA GRAY


                FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
                             John R. Prosser, Judge

                (Daniel Payne Shadwell, *pro se*, on briefs).

                (Robert F. McDonnell, Attorney General; Craig M. Burshem, Senior
                Assistant Attorney General; Beth J. Edwards, Regional Senior
                Assistant Attorney General; Nancy J. Crawford, Regional Senior
                Assistant Attorney General,; Josh S. Ours, Assistant Attorney
                General, on brief), for appellee.


        Daniel Payne Shadwell appeals from the circuit court's December 21, 2007 order denying

his motion seeking review of his appeal bond.  On appeal, Shadwell contends the trial court erred by

(1) requiring an appeal bond for an indigent person, (2) requiring an appeal bond for the full amount

of the support arrearage, (3) requiring an appeal bond for arrearages inclusive of interest, and

(4) "not hearing the appeal bond 'appeal.'"  Upon reviewing the record and briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we construe the evidence in the light most favorable to . . ., the prevailing party below, granting to [its] evidence all reasonable inferences fairly deducible therefrom." Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

The Division of Child Support Enforcement initiated proceedings against Shadwell for failure to pay his child support obligation. The juvenile and domestic relations district court (the juvenile court) found him in contempt on April 5, 2007, ordered him incarcerated for up to twelve months, and stayed the imposition of that disposition until October 4, 2007, conditioned upon Shadwell's making monthly payments and a lump sum payment.

Upon review on October 4, 2007, the juvenile court determined Shadwell had not complied with the conditions, imposed the initial sentence, adjudicated his support arrearage at $115,758.10, and set a purge bond of $5,335.20, payment of which would purge the contempt and end Shadwell's incarceration. Shadwell paid the purge amount and was released.

On October 12, 2007, Shadwell noted his appeal of the juvenile court's October 4, 2007 incarceration order. The juvenile court required Shadwell to post an appeal bond in the amount of the arrearage, but he did not do so. On October 19, 2007, Shadwell filed a motion arguing he should be exempt from the appeal bond requirement of Code § 16.1-296(H) due to his claimed indigency. The juvenile court denied the bond motion on October 24, 2007, and Shadwell appealed that ruling to the circuit court. On December 21, 2007, the circuit court also denied the bond motion. Shadwell appeals from that order.

ANALYSIS

Pursuant to Code § 16.1-296(H), the juvenile court required bond in the amount of the full arrearage. Shadwell failed to post that bond, and the juvenile court allowed him to appeal the limited holding that there is no indigency exception to the bond requirement in this case.

Code § 16.1-296(H) sets forth the requirements regarding appeal bonds in child support appeals from the juvenile court.  Code § 16.1-296(H) provides:

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal.  In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered.  Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal.  An appeal will not be perfected unless such appeal bond as may be required is filed within 30 days from the entry of the final judgment or order.  However, no appeal bond shall be required of the Commonwealth or when an appeal is proper to protect the estate of a decedent, an infant, a convict or an insane person, or the interest of a county, city or town.

> If bond is furnished by or on behalf of any party against whom judgment has been rendered for money, the bond shall be conditioned for the performance and satisfaction of such judgment or order as may be entered against the party on appeal, and for the payment of all damages which may be awarded against him in the appellate court.  If the appeal is by a party against whom there is no recovery, the bond shall be conditioned for the payment of any damages as may be awarded against him on the appeal.  The provisions of § 16.1-109 shall apply to bonds required pursuant to this subsection.

> This subsection shall not apply to release on bail pursuant to other subsections of this section or § 16.1-298.

The statute provides no indigency exception.  "Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation." Last v. Virginia State Bd. of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992).  "'Courts are not

permitted to rewrite statutes. This is a legislative function.'" Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)).

Shadwell's reliance on Code § 16.1-107 is misplaced. Code § 16.1-107 concerns appeals from general district court, rather than juvenile courts, and although the legislature added a provision allowing an indigency exception to some appeal bonds, the legislature did not add a similar provision to Code § 16.1-296. Similarly, Code § 8.01-676.1, cited by Shadwell, does not apply to appeals from juvenile courts.

As there is no indigency exception in the pertinent statute, we find no error with the circuit court's decision.

## II. through IV.

At no point did Shadwell present to the circuit court the other arguments he makes on appeal. This Court will not consider an argument on appeal that was not presented to the trial court. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of these questions on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Additionally, Shadwell presents no legal authority in support of these arguments.

Rule 5A:20(e) mandates that the opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

Shadwell has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore, this Court "will not search the record for errors in order to

- 4 -

interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

"Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999); see also Diamond v. Diamond, 20 Va. App. 481, 458 S.E.2d 303 (1995) (holding Rule 1:5 requires notice that the *pro se* party "appears in the case" as counsel). "[T]he 'right of self-representation is not a license' to fail 'to comply with the relevant rules of procedural and substantive law.'" Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (quoting Faretta v. California, 422 U.S. 806, 834 n.46 (1975)).

Here, Shadwell did not comply with Rule 5A:20(e); the opening brief does not contain sufficient principles of law, argument, or citation to legal authorities or the record to fully develop his arguments. Thus, we need not consider these arguments, Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). In Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Supreme Court announced that when a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant, "the Court of Appeals may . . . treat a question presented as waived." In this case, we find Shadwell's failure to comply with Rule 5A:20(e) is significant.

Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed.