UNPUBLISHED

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **25th** *day of* **February, 2014**.

Christopher Oates Howard,                                                                            Appellant,

 against          Record No. 2264-12-4
                  Circuit Court No. CL54143-01

Nella Marie Thompson,                                                                               Appellee.

Upon a Petition for Rehearing

Before Judges Frank, Petty and Senior Judge Haley

On December 9, 2013 came the appellant, in proper person, and filed a petition requesting that the Court set aside the judgment rendered herein on November 26, 2013, and grant a rehearing thereof.

Upon consideration whereof, and having reviewed the amended opening brief and appendix filed in this case, the Court finds that appellant's amended opening brief contained the same deficiencies as did his original opening brief. However, the amended appendix filed by the appellant corrected the deficiencies found in the original appendix. Accordingly, the November 26, 2013 opinion hereby is corrected by deleting the paragraph that was included on page two concerning deficiencies in the appendix.

Upon further consideration whereof, and as the said correction of the opinion does not affect the disposition of the case, the petition for rehearing hereby is denied.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:    *original order signed by a deputy clerk of the*
       *Court of Appeals of Virginia at the direction*
       *of the Court*

Deputy Clerk

UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia


CHRISTOPHER OATES HOWARD

MEMORANDUM OPINION[*] BY
v.        Record No. 2264-12-4         JUDGE ROBERT P. FRANK
NOVEMBER 26, 2013

NELLA MARIE THOMPSON


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

Christopher O. Howard, *pro se*.

No brief or argument for appellee.


This appeal arises from a divorce proceeding in the Circuit Court of Loudoun County.

Christopher Howard, appellant, alleges that the trial court erred:  1) in failing to advise him of his

due process rights when he first appeared *pro se* in court; 2) in interpreting the parties' property,

custody, and support settlement agreement (PSA); 3) by abusing its discretion in its rulings on

appellant's motion to modify spousal support (specifically the trial court's failure to impute income

to appellee/wife); and 4) in awarding wife attorney's fees.  For the reasons that follow, we affirm

the trial court's ruling in part, reverse in part, and remand in part.

Because we decide this appeal on procedural grounds, the underlying facts of the case are

not relevant to our analysis.  Appellant's brief does not conform to the Rules of the Court of

Appeals of Virginia and is replete with procedural errors.

> Even *pro se* litigants must comply with the rules of court.  See
> Diamond v. Diamond, 20 Va. App. 481, 458 S.E.2d 303 (1995)
> (holding that Rule 1:5 requires notice that the party "appears in the
> case" as counsel).  "[T]he 'right of self-representation is not a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

license' to fail 'to comply with the relevant rules of procedural and substantive law.'" Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-67 (1987), cert. denied, 485 U.S. 971 (1988).

Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Appellant's opening brief violates a number of the Rules. First, Rule 5A:20(a) requires "[a] table of contents and table of authorities with cases alphabetically arranged." Appellant's table of authorities is out of order and does not indicate on which pages the cases appear. Further, the certificate does not contain a word count, in violation of Rule 5A:20(h).

Another issue arises with appellant's statement of facts. Rule 5A:20(d) requires the opening brief to contain "[a] clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Appellant's statement of facts reads more like argument and contains no references to pages in the record.

While the aforementioned procedural errors violate the Rules and make the task of this Court more difficult, there are more egregious errors in this appeal, which prevent us from considering appellant's arguments on their merits.

Appellant's four assignments of error also fail to conform to the Rules of the Court of Appeals of Virginia. Rule 5A:20(c) states that the opening brief shall contain "[a] statement of the assignments of error with *a clear and exact reference* to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." (Emphasis added). None of appellant's assignments of error contains any such reference.

Appellant's first assignment of error sets forth the legal argument that he was not advised of his due process rights. This argument was not timely preserved and therefore violates Rule 5A:18. Appellant's argument refers to the time when he first appeared in court, in 2011. However, he first raised this objection on the April 27, 2012 order, over a year after the fact. Rule 5A:18 requires an

objection to be "stated with reasonable certainty at the time of the ruling" in order to be considered as a basis for reversal, except for good cause or to attain the ends of justice. Rule 5A:18 applies to all types of cases. See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). While there are exceptions for good cause or the ends of justice, appellant has not asked us to invoke those exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred."). We will not consider an "ends of justice" argument under Rule 5A:18 *sua sponte*. See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Furthermore, appellant cites neither relevant case law, nor any other authority to support his argument. Appellant cites Johnson v. Zerbst, 304 U.S. 458 (1938). However, this case deals with the right to counsel in a *criminal* trial. Appellant also cites Turner v. Rogers, 131 S. Ct. 2507 (2011), and Matthews v. Eldridge, 424 U.S. 319 (1976), but those cases do not discuss the need for notification of the potential for incarceration. In his argument, appellant notes that the key question in a civil contempt proceeding is the defendant's ability to pay. However, his assignment of error did not address that issue.

Rule 5A:20(e) requires an appellant to include the relevant authorities for his assignments of error. "With respect to each assignment of error, the standard of review and the argument – including principles of law and the authorities – shall be stated in one place and not scattered through the brief." Rule 5A:20(e). While we have noted that appellant has cited several cases from the United States Supreme Court and the Virginia Court of Appeals as authority, he does not offer any theory of how these cases apply to the facts and issues of this appeal. This is insufficient to satisfy the requirements of Rule 5A:20(e). "While we may speculate as to how [appellant's] meager authority relates to h[is] argument, the need for such guesswork on our part

necessarily means [appellant] has not complied with the rule." Sfreddo v. Sfreddo, 59 Va. App. 471, 494, 740 S.E.2d 145, 157 (2012).

Appellant has the burden of showing that reversible error was committed in this case. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis, 30 Va. App. at 591, 518 S.E.2d at 846.

Where a party's failure to present authority is significant, we may treat an assignment of error as waived. Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008). Appellant presented unsupported assertions of error and did not develop his arguments. We find this error significant and therefore treat this assignment of error as waived.

Appellant's second assignment of error addresses the trial court's ruling on appellee's rule to show cause. He first alleges the trial court erroneously interpreted the parties' PSA to find appellant liable for certain shared expenses to which he did not agree. Appellant fails to state the standard of review for this issue, as required by Rule 5A:20(e). Appellant's argument is convoluted and unsupported by sufficient legal authority. The only authorities cited provide boilerplate language on the interpretation of marital agreements.

Appellant's assignment of error 2b contends the trial judge erred in finding appellant in contempt. "'"It is within the discretion of the trial court" to conduct civil contempt proceedings, thus we review the exercise of a court's contempt power under an abuse of discretion standard.'"

Fisher v. Salute, 51 Va. App. 293, 303, 657 S.E.2d 169, 173 (2008) (quoting Petrosinelli v. People for Ethical Treatment of Animals, 273 Va. 700, 706, 643 S.E.2d 151, 154 (2007)).

We cannot determine if the trial court abused its discretion, because appellant failed to show where he preserved this argument for appeal. Nothing in the appendix shows that appellant objected to the trial court's finding, and it was appellant's responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). As we previously noted, this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief," Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239, nor will we "comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims," Fitzgerald, 6 Va. App. at 56 n.7, 366 S.E.2d at 625 n.7. Appellant's status as a *pro se* litigant does not excuse him from his obligations. Francis, 30 Va. App. at 591, 518 S.E.2d at 846.

> We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed.

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

In appellant's assignment of error 2c, appellant alleges the trial court in establishing an unrealistic purge plan. This argument fails for the same reason as the previous issue. Appellant has designated only pieces of the transcript, and the appendix is haphazard and contains no page numbers, making it prohibitively difficult for us to determine if appellant preserved this argument for appeal. Because appellant failed to provide an adequate record, the judgment of the trial court will be affirmed.

Appellant's assignment of error 2d refers to equities in the purge plan. This argument is not included in his assignment of error, nor does it contain any relevant citations to legal authority. Therefore, we will not address it on appeal.

This problem of insufficient legal authority presents itself again in appellant's third assignment of error. Assignment of error 3a addresses the trial court's failure to impute income to wife. There are two problems with this argument. First, appellant's argument does not follow the trial court's ruling, as it is based on the court's original order. Upon motion to reconsider, the trial court did impute $10,000 annual income to wife. Second, appellant cites to no cases or other legal authority in support of his argument. Appellant cites only to Blackburn v. Michael, 30 Va. App. 95, 515 S.E.2d 780 (1999). This case does nothing to further his analysis, as we explicitly found in that case, "[t]he decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence." Id. at 102, 515 S.E.2d at 784. Because appellant violated Rule 5A:20(e), we will not address this argument on appeal.

Assignment of error 3b assigns error to the trial court's failure to eliminate appellant's spousal support obligation, as well as the amount of the award. Again, appellant fails to comply with Rule 5A:20(e), because he cites no legal authority in support of his argument. Therefore, this argument is waived, and we may not consider it.

Assignment of error 3c alleges the trial court erred in failing to modify spousal support retroactively to February 11, 2011, the date appellant filed his motion to modify. Appellant cites no authority to further his argument, so this subpart of the assignment of error is also waived.

Because of appellant's failure to present adequate legal authority for his arguments and to state where in the record they are preserved, we are prohibited from addressing the merits of his

first and third assignments of error.  Appellant himself concedes in his brief that "[i]t is

reasonable to expect a *pro se* litigant to know the Rules of the Court."

Appellant also assigns error to the trial court's award of attorney's fees to appellee.[1]  "An

award of attorney's fees is a matter submitted to the trial court's sound discretion and is

reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333,

357 S.E.2d 554, 558 (1987).

The relevant portions of the PSA provide:

> ENFORCEMENT -- In the event of a claimed breach by
> either party of the provisions of this Agreement, the parties agree
> that a court may award reasonable attorney fees and costs to the
> prevailing party, after considering the merits of the claims
> presented, the merits of the defenses, and the result obtained.

> ATTORNEY FEES -- The parties agree to each be
> responsible for their own individual attorney fees that are incurred
> in the negotiation and preparation of this Agreement and in any
> subsequent divorce proceedings that either party may institute in
> the future.  Notwithstanding this provision, Husband agrees to
> reimburse or otherwise pay Wife for fees due to the law firm of
> Campbell Miller Zimmerman, P.C., incurred prior to and directly
> resulting in the signing of this Agreement, the subsequent divorce
> proceedings, and the preparation of trust documents necessary to
> effectuate the terms of Paragraph 34, said payment for legal fees
> shall not exceed the sum of Twelve Thousand Dollars and no cents
> ($12,000.00).

> The parties agree that if one party incurs any expenses in
> the enforcement of any provisions of this Agreement, the other will
> be responsible for, and pay forthwith, any and all reasonable
> attorney fees, except that if the initiating party is not upheld in
> court then that party will be liable for the aforesaid expenses.

Appellee did not wholly prevail before the trial court, as appellant prevailed on his

motion to modify child support.  Therefore, under the terms of the parties' PSA, appellant is not

wholly responsible for appellee's legal fees.  See Ulloa v. QSP, Inc., 271 Va. 72, 82, 624 S.E.2d

---

[1] Appellant's brief notes that he filed a motion to modify the award of attorney's fees, which is still pending in the trial court.  The record contains no such motion.

43, 49 (2006) ("we have stated that under contractual provisions such as these a party is not entitled to recover fees for work performed on unsuccessful claims").

The trial court's April 27, 2012 order awarding attorney's fees does not indicate whether the appellant's successful motion for the modification of child support was factored into the calculation for attorney's fees. To the extent that wife was awarded attorney's fees and costs for defending appellant's motion for a reduction in child support, wife was not the prevailing party. However, under the enforcement provision of the PSA, wife was the prevailing party for appellant's failure to pay child support. Therefore, we will remand this issue to the trial court to determine an appropriate and reasonable amount of attorney's fees, based on the enforcement component of the PSA.

## Conclusion

Because appellant's brief does not conform to the Rules of the Court of Appeals of Virginia, his first three assignments of error are waived. As such, we are unable to address the merits of those arguments. We reverse and remand the trial court's award of attorney's fees. Therefore, the judgment of the trial court is affirmed in part and reversed and remanded in part.

Affirmed in part,
reversed in part,
and remanded in part.