COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


ANDREW BILSKI

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1895-09-4                        PER CURIAM
                                                     AUGUST 24, 2010
CHRISTINA BILSKI


                   FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Charles J. Maxfield, Judge

           (Andrew Bilski, *pro se*, on briefs).

           (Leslie A. Shopf; Law Office of Ana M. Cuitino, P.C., on brief), for
           appellee.

           (Matthew W. Greene; Martin, Arif & Greene, PLC, on brief),
           Guardian *ad litem* for the minor child.


         Andrew Bilski (father) appeals the trial court's denial of his motions relating to an

underlying custody order.  Father argues that (1) the trial court abused its discretion in denying him

"the privilege" to present his argument relating to his motion to withdraw from dispute resolution

proceedings; (2) the trial court abused its discretion in denying his motion to withdraw from dispute

resolution proceedings, which was based on Code § 8.01-576.5; (3) father should be allowed to

withdraw from dispute resolution proceedings; (4) the trial court abused its discretion in denying

him "the privilege" to present his motion to clarify the December 5, 2008 order; (5) the trial court

abused its discretion in denying his motion to clarify the December 5, 2008 order; (6) the trial court

should clarify its own order when a party requests clarification; (7) the trial court abused its

discretion in denying him "the privilege" to present his motion to compel Christina Bilski (mother)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to share equal access to the child's School Age Child Care (SACC) account; (8) the trial court abused it discretion in denying his motion to compel mother to share access to the SACC account; (9) the mother should be compelled to share access to information regarding the parties' child because the parties have joint legal custody; (10) the trial court erred in not agreeing that the Guardian *ad litem's* (GAL) negative comments about father were undeserved; (11) the trial court abused its discretion in imposing monetary sanctions against father; (12) he did not force courtroom proceedings, but in fact, actively tried to avoid litigation; and (13) there is no compelling reason to uphold the monetary sanctions against father.[1]  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

## BACKGROUND

On December 5, 2008, the trial court entered an order awarding mother and father joint legal custody of their child.  On June 30, 2009, father filed three motions, namely:  "Motion to compel petitioner to equally share access to child's School Age Child Care (SACC) account"; "Motion to clarify portions of the December 5, 2008 order"; and "Motion to withdraw from dispute resolution proceedings."  On July 13, 2009, the GAL filed a "Motion to Amend Order with Regard to Summer Visitation Schedules."  On July 17, 2009, father filed a "Motion to agree that Guardian Ad Litem's negative comments about the father are undeserved."  On July 24, 2009, the parties appeared before the trial court.  Father had not requested more than the scheduled thirty minutes for the hearing. Each party was allotted ten minutes to present its argument.  Father used all of his time.  The trial court denied all of father's motions and awarded

---

[1] Father filed a motion requesting that this Court not consider mother's brief or allow him leave of court to file a supplemental reply brief because mother filed her brief late.  Mother, by counsel, filed a response in opposition thereto.  Upon consideration whereof, the motion is denied.

mother $500 in attorney's fees. Father filed a motion for reconsideration, which the trial court denied. Father timely noted his appeal.

ANALYSIS

Dispute Resolution Proceedings (Issues 2 and 3)

Father argues that the trial court erred in denying his motion to withdraw from dispute resolution proceedings. Father cites to Code §§ 8.01-576.4 and 8.01-576.5 to support his argument that he should have been allowed to withdraw from dispute resolution proceedings. The trial court noted that these code sections do not apply to father's case, and we agree.

The December 5, 2008 order states that mother and father were required to work with a parenting coordinator to help them resolve their disputes. In his motion, father, without offering any explanation, tells the trial court that he no longer wants to work with the current parenting coordinator.

The code sections cited by father relate to contested civil proceedings in which the trial court is referring the parties to dispute resolution proceedings and protecting their right to a trial by jury. See Code § 8.01-576.5. Here, the parents had a history of working with a parenting coordinator, and the trial court ordered their continued participation with him. The parenting coordinator was not akin to the dispute resolution proceedings referred to in Code § 8.01-576.5. The trial court did not abuse its discretion in denying father's motion.

SACC Account (Issues 8 and 9)

Father argues that the trial court erred in denying him equal access to the child's SACC account. Mother opened and maintained the SACC account for the child. Father filed a motion asking the court to compel mother to provide him with her account name and password to the child's SACC account. Father contends Code §§ 20-124.1 and 20-124.2(B) support his assertion that he should have equal access to the account.

The trial court stated that these code sections do not support the position that a joint custodian has equal authority to manage financial matters, and we agree. Code § 20-124.1 defines joint legal custody, but it does not include equal access to financial accounts. Code § 20-124.2(B) states that neither parent is favored in determining custody. There is no mention of equal access to financial accounts or equal authority to manage financial matters in either statute.

Accordingly, the trial court did not abuse its discretion in denying father's motion.

Rule 5A:20(e) (Issues 1, 4 through 7, and 10 through 13)

In questions presented 1, 4, and 7, father argues that he did not have "the privilege" to argue his motions before the judge in the courtroom. In questions presented 5, 6, 10, 11, 12, and 13, father contends the trial court erred in not clarifying the December 5, 2008 order regarding decision-making powers, failing to agree that the GAL made negative comments about him, and ordering him to pay $500 of mother's attorney's fees.

Father cites to no law or legal authority to support these arguments. See Rule 5A:20(e). Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider questions presented 1, 4, 5, 6, 7, 10, 11, 12, and 13. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

- 4 -

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>