COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


DAHLIA FRANCIS
                                                OPINION BY
v.   Record No. 2433-98-2              JUDGE MARVIN F. COLE
                                           SEPTEMBER 14, 1999
DEREK FRANCIS


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Timothy J. Hauler, Judge

            Tim Schulte (Thomas H. Roberts; Thomas H.
            Roberts & Associates, P.C., on briefs), for
            appellant.

            Stephen C. Williams (Phoebe P. Hall; Julie M.
            Cillo; Hall and Hall, on brief), for
            appellee.


     Dahlia Francis (wife) appeals from a final decree of divorce

granted to Derek Francis (husband) in the Chesterfield County

Circuit Court on September 18, 1998.  She contends the court (1)

deprived her of due process by entering the final decree upon

notice of presentation of the decree upon her former attorney of

record, Paul C. Bland, when both the court and opposing counsel

knew that she had terminated the attorney-client relationship with

her counsel of record six months prior to entry of the decree; (2)

violated Rule 1:13 by entry of its final decree without providing

her any notice, absent endorsement of the decree by her, and erred

by finding that she and her counsel had waived endorsement of the

final decree pursuant to Rule 1:13 when there was no endorsement

of the decree; (3) erroneously dismissed her claim for spousal support without reservation of her right to spousal support and without consideration of the factors set forth in Code § 20-107.1; (4) erroneously dismissed her claim for spousal support for her failure to respond to discovery; and (5) erroneously dismissed her claims for spousal support and child support.  We find no reversible error and affirm.

## Facts

On August 26, 1997, wife filed her bill of complaint in the Chesterfield Circuit Court.  Paul C. Bland signed the pleading as her counsel.  A set of interrogatories was served with the complaint upon husband, requiring that he furnish information requested within twenty-one days.

On September 3, 1997, an agreed order to preserve marital assets was entered by the court.  The order was endorsed by Paul C. Bland, wife's counsel of record, and by Phoebe P. Hall, counsel of record for husband.  Husband's answer and cross-bill were filed by his counsel of record in the clerk's office on September 18, 1997.  Counsel obtained service of the answer and cross-bill upon wife by mailing a copy to Paul C. Bland, wife's counsel of record.  A hearing was held before the court on November 7, 1997, resulting in the entry of a pendente lite order on December 11, 1997.  The order was endorsed by counsel of record for both parties.

-

On July 7, 1998, wife wrote to the trial judge, informing him that she had terminated the employment of Paul C. Bland on March 5, 1998, because he had failed to adequately represent her and her children in the divorce proceeding and had left her no other choice but to seek a new attorney. Wife enclosed a copy of her dismissal letter to Bland dated March 5, 1998. The letter to the judge was stamped received in the Chesterfield Circuit Court Judges Chambers on July 7, 1998.

The copy of the letter dated March 5, 1998, addressed to Bland, stated, "I will no longer be using your services. I have been dissatisfied with your representation in and out of the court. You have failed to keep me informed and have repeatedly failed to return my calls." No action was taken by the court in response to these letters. The record does not indicate that wife sent copies of these letters to husband's counsel. During the following months, Bland filed no motion to withdraw as counsel of record.

On July 22, 1998, husband filed a notice to take depositions of himself and others on August 5, 1998, at 9:00 a.m. Husband's counsel certified that on July 21, 1998, a true copy of the notice to take depositions was mailed to Paul C. Bland.

On July 22, 1998, husband also filed a notice that on September 18, 1998, at 8:45 a.m., he would appear before a judge of the Chesterfield Circuit Court for a hearing on a motion to show cause, a motion for a pretrial conference, a motion to compel

-

and other relief.  Husband's counsel also certified that a true copy of this notice was mailed to Paul C. Bland.

On August 11, 1998, husband filed in the circuit court a notice of presentation of final decree, stating that he would appear before a judge of the court on September 18, 1998, at 8:45 a.m., and request entry of the final decree.  A copy of the final decree was attached to the notice.  Husband's counsel certified that a true copy of the notice of presentation of final decree was mailed on August 7, 1998, to Paul C. Bland.

Neither wife nor her counsel of record, Paul C. Bland, appeared for the taking of the depositions on August 5, 1998, or for the hearing and presentation of the final decree on September 18, 1998.  However, Bland wrote a letter to the trial court dated September 15, 1998, received September 16, 1998, indicating that wife had terminated his services in May.  He related that he had indicated to her that she should retain new counsel due to the gravity of the situation.  He also advised the court that during the last three months he had been under "strain because of sickness, hospitalization, and death in my immediate family, which caused me not to communicate with the court sooner."  Bland forwarded a motion for withdrawal of counsel and an accompanying order with the letter.  A copy was mailed to husband's counsel of record, but was only endorsed by Bland.  The order was not entered by the court.

-

On September 18, 1998, husband and his counsel of record appeared and tendered to the court the final decree. The final decree was endorsed by husband's counsel of record but not by wife's counsel of record. It was entered by the trial judge as presented except that he added that "endorsement of counsel and plaintiff waived pursuant to Rule 1:13." In the decree the court found that wife failed to comply with the visitation set out in the pendente lite order. It found that wife failed to respond to interrogatories and requests for production of documents, failed to appear at the taking of husband's depositions, failed to submit on her behalf depositions, and failed to provide evidence sufficient for an award of spousal or child support. No motion for reconsideration was filed with the trial court.

On October 19, 1998, wife, represented by new counsel, filed a notice of appeal from the final decree. The trial court entered a written statement of facts on December 9, 1998, which contained findings and an index to the trial court file. Transcripts of the hearings on September 18, 1998 and December 2, 1998 and two deposition transcripts were not made part of the record on appeal because they were not timely filed with the clerk of the trial court. See Rule 5A:8(a).

## Due Process

Wife contends she was denied due process. We find wife's contention to be without merit. The record demonstrates that

-

husband's counsel properly served notice to wife's counsel of record of all proceedings. As defined in Rule 1:5,

> "[c]ounsel of record" includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case. Counsel of record shall not withdraw from a case except by leave of court after notice to the client of the time and place of a motion for leave to withdraw.

Once an attorney has appeared as the counsel of record, service on the counsel is proper until the court enters a withdrawal order. In Department of Corrections v. Crowley, 227 Va. 254, 264, 316 S.E.2d 439, 444 (1984), appointed counsel argued that the notice his client received was inadequate because counsel was appointed only for the trial and the prohibition proceeding, not for the subsequent proceeding on a motion to vacate. The Virginia Supreme Court rejected that contention, noting that because counsel never withdrew "'by leave of court after notice to the client', Rule 1:5, he remained counsel of record throughout every stage of the proceeding . . . ." Id. at 264, 316 S.E.2d at 444.

The record before us demonstrates that Bland filed the bill of complaint, continued as wife's counsel of record throughout the entire proceedings, and only served a motion to withdraw as counsel more than thirty days after husband's counsel sent a notice of presentation of final decree. Wife's counsel of record received notice of the taking of depositions, of the

-

hearings, and of the presentation of the final decree.  The fact

that counsel had notice is further demonstrated by the fact that

counsel sought to withdraw by letter dated only three days prior

to the scheduled hearing for the presentation of the final

decree.[1]

> An elementary requirement of due process in
> any proceeding is "notice reasonably
> calculated, under all the circumstances, to
> apprise interested parties of the pendency
> of the action and afford them an opportunity
> to present their objections."  Such notice
> "must afford a reasonable time for those
> interested to make their appearance."

Eddine v. Eddine, 12 Va. App. 760, 763, 406 S.E.2d 914, 916

(1991) (quoting Mullane v. Central Hanover Bank & Trust Co., 339

U.S. 306, 314 (1950)).  Service upon counsel of record during

the midst of ongoing litigation is notice reasonably calculated

to apprise interested parties of the course of the proceedings.

Although the wife terminated her contractual relationship

with Bland, neither she nor Bland took the steps necessary to

substitute in Bland's stead a new "counsel of record."  See Rule

1:5.  In satisfying her obligation to the court and the opposing

---

[1] Bland failed to promptly file a motion to withdraw as
counsel of record pursuant to his client's directive.  Counsel's
performance is not an issue before us, but nothing in the
opinion is intended to suggest that his conduct is condoned.
Reference is made to the Virginia Code of Professional
Responsibility Disciplinary Rule 2-108(A)(3) and especially (D)
("a lawyer shall take reasonable steps for the continued
protection of the client's interests, including . . . delivering
all papers and property to which the client is entitled . . .").

party, wife could not merely announce she was no longer represented by her counsel of record. Her letter did not indicate that she would act as her own counsel. See Rule 1:5. Indeed, the letter states she will "seek a new attorney." Even pro se litigants must comply with the rules of court. See Diamond v. Diamond, 20 Va. App. 481, 458 S.E.2d 303 (1995) (holding that Rule 1:5 requires notice that the party "appears in the case" as counsel). "[T]he 'right of self-representation is not a license' to fail 'to comply with the relevant rules of procedural and substantive law.'" Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987), cert. denied, 485 U.S. 971 (1988). At no time prior to the entry of the final decree did wife's counsel of record effectively withdraw. Until counsel had effectively withdrawn, pursuant to the provisions of Rule 1:5, service upon him was proper. Code § 8.01-314 provides, in pertinent part:

> When an attorney authorized to practice law in this Commonwealth has entered a general appearance for any party, any process, order or other legal papers to be used in the proceeding may be served on such attorney of record. Such service shall have the same effect as if service had been made upon such party personally . . . .

Therefore, wife's contention that she was denied due process is without merit.

-

<u>Void Decree</u>

Relying upon the grounds previously asserted, wife contends the final decree was void.  This contention also fails. Initially, we note that wife's counsel failed to file a motion for reconsideration or otherwise raise this issue before the trial court.  By failing to take timely action before the trial court, wife failed to preserve the issue and failed to build a record adequate for consideration of her issues on appeal.  <u>See generally</u> Code § 8.01-428.

Wife argues that the final decree is void because it was not endorsed by her counsel of record.  Rule 1:13 provides:

> Drafts of orders and decrees shall be
> endorsed by counsel of record, or reasonable
> notice of the time and place of presenting
> such drafts together with copies thereof
> shall be served by delivering, dispatching
> by commercial delivery service, transmitting
> by facsimile or mailing to all counsel of
> record who have not endorsed them.
> Compliance with this rule and with Rule 1:12
> may be modified or dispensed with by the
> court in its discretion.

We have held that a decree that fails to comply with Rule 1:13 is void.  <u>See</u> <u>Westerberg v. Westerberg</u>, 9 Va. App. 248, 250, 386 S.E.2d 115, 116 (1989).  However, in this case the requirement of notice was complied with, and the notice included "'the time and place of presenting such drafts <u>together with copies thereof</u>.'"  <u>Id.</u>  The final decree complied with Rule 1:13, and the trial court did not err in waiving endorsement of wife's

-

counsel of record and entering the decree.  See Diamond, 20 Va.
App. at 484, 458 S.E.2d at 305.  The decree was not void.

### Remaining Issues

Wife raises additional issues which she acknowledges were
not presented to the trial court or preserved for appeal.  Rule
5A:18 provides that "[n]o ruling of the trial court . . . will
be considered as a basis for reversal unless the objection was
stated with the grounds therefor at the time of the ruling,
except for good cause shown or to enable the Court of Appeals to
attain the ends of justice."  "The purpose of Rule 5A:18 is to
allow the trial court to correct in the trial court any error
that is called to its attention."  Lee v. Lee, 12 Va. App. 512,
514, 404 S.E.2d 736, 737 (1991) (en banc).  "The Court of
Appeals will not consider an argument on appeal which was not
presented to the trial court."  Ohree v. Commonwealth, 26 Va.
App. 299, 308, 494 S.E.2d 484, 488 (1998).

Accordingly, Rule 5A:18 bars our consideration of these
questions on appeal.  The record does not demonstrate good cause
for wife's failure to preserve these issues, nor "affirmatively
sho[w] that a miscarriage of justice has occurred, not . . .
merely . . . that a miscarriage might have occurred" so as to
warrant application of the "ends of justice" provision.  Mounce
v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744
(1987).  Therefore, the record does not reflect any reason to

-

invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>