COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

RICHARD PENN

MEMORANDUM OPINION[*]
v.    Record No. 2403-99-1             PER CURIAM
APRIL 11, 2000
DIANE A. PENN

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Walter J. Ford, Judge

(Charles E. Haden, on brief), for appellant.

(Deborah S. Roe; McDermott & Roe, on brief),
for appellee.

Richard Penn appeals an equitable distribution decree
awarding certain payments to his wife, Diane A. Penn.  He
contends that the trial court erred by (1) finding that he
received proper notice of the hearing before the commissioner in
chancery and the presentation of the final decree; (2) refusing
to consider his objections to the final decree because he filed
no exceptions to the commissioner's report; (3) entering the
final decree without providing his counsel an opportunity to
endorse the order or register his objections; (4) awarding the
wife as marital property a portion of his voluntary separation
incentive (VSI) payment despite the fact that the VSI payment
was partially based on his disability payments; (5) valuing the

─────────────
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Hawaii time-share property as $7,700 in the absence of evidence; (6) refusing to hear his evidence concerning his continuing medical disabilities and inability to pay spousal support; and (7) awarding spousal and child support on the assumption that he had resumed his normal earnings. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, under familiar principles, we view the evidence in the light most favorable to the wife as the party prevailing below and we grant all reasonable inferences flowing from that evidence. See Gamer v. Gamer, 16 Va. App. 335, 340, 429 S.E.2d 618, 622 (1993). "'The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled.'" Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citation omitted).

## Procedural History

The husband commenced this action by filing his bill of complaint on August 24, 1995. The husband, through counsel, sought several continuances because of medical treatment. By order entered September 11, 1998, the trial judge ruled husband in contempt for failing to comply with the terms of previous court orders. On December 2, 1998, the trial court granted the motion of the husband's counsel to withdraw. The husband did not substitute new counsel and proceeded pro se.

-

Mailing a notice to the husband at the address provided by him, the commissioner notified the husband that depositions were scheduled for May 26, 1999. Husband received the notice. In a letter addressed to the commissioner dated May 21, 1999, the husband asked the commissioner to consider several factors and requested that the commissioner "be fair and with in [sic] the law in whatever decision you make regarding this cause." On the day of the commissioner's hearing, the husband faxed a letter to the commissioner responding to an inventory of marital assets and liabilities filed by the wife's counsel. The husband did not appear or present other evidence. On July 20, 1999, the commissioner mailed the husband a copy of his report. The husband noted no exceptions to the report.

Wife's counsel notified the husband of the hearing scheduled for the presentation of the final decree and sent husband a draft decree. Although we find nothing in the record before us to indicate whether the husband attended the hearing, the parties agree that husband appeared at the hearing with counsel. The trial court entered the final decree affirming the commissioner's report on September 14, 1999. Neither the husband nor his counsel endorsed the final decree, or noted any objections.

## Notice

The husband contends that the wife failed to properly notify him of the commissioner's hearing and of the hearing for

-

the presentation of the final decree. Husband did not challenge the adequacy of the notice he received at any point in the proceedings below. He did not contest that he received notice of both the taking of depositions and the hearing for the presentation of the final decree. By failing to raise this issue below, the husband waived any error in the sufficiency of the notice he received. See Rule 5A:18. Therefore, this contention is without merit.

Preservation of Remaining Issues

Husband concedes that he failed to note any exceptions to the commissioner's report and failed to note any objections to the final decree. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

Husband received notice of the commissioner's hearing, but elected not to appear. He presented no evidence. He filed no exceptions to the commissioner's report and noted no objections to the final decree. He did not file a motion for reconsideration setting out his objections. Therefore, Rule 5A:18 bars us from reviewing the issues husband raises on appeal.

-

Although the husband asserts that good cause exists to apply the exception to Rule 5A:18, he provides no support for that assertion. "Even pro se litigants must comply with the rules of court. '[T]he "right of self-representation is not a license" to fail "to comply with the relevant rules of procedural and substantive law."'" Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) (citations omitted). Upon our review, we find no reason in the record to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.