COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Petty, Chafin and Senior Judge Annunziata


DAN PROCISE

                                             MEMORANDUM OPINION[*]

v.      Record No. 1102-12-2                                                      PER CURIAM
                                              JANUARY 15, 2013

SUITT CONSTRUCTION COMPANY AND
  TRAVELERS PROPERTY CASUALTY
  COMPANY OF AMERICA


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Dan Procise, *pro se*, on brief).

(Lisa Frisina Clement; PennStuart, on brief), for appellees.


Dan Procise appeals a decision of the Workers' Compensation Commission finding that

his claims for wage loss benefits and disfigurement were untimely and that the evidence for his

claim for medical expenses was insufficient.[1]  We have reviewed the record and the

commission's opinion and find that this appeal is without merit.

Appellant's opening brief fails to comply with Rule 5A:20.[2]  Appellant failed to include a

table of contents and table of authorities as required by Rule 5A:20(a).  Appellant failed to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On August 14, 2012, appellant filed a motion, asking this Court to "reverse the opinion of the Full Commission's May 23, 2012 decision on grounds of procedural due process of law an [sic] denial of an [sic] consealment [sic] of SUBPOENAD [sic] medical reports through the Commission to support claim in Dec. 20, 2012 hearing."  Upon consideration thereof, the motion is denied.

[2] On October 5, 2012, the clerk's office of this Court notified appellant that his opening brief was not in compliance with the Rules of Court.  Appellant was directed to file a replacement brief within ten days.  On November 1, 2012, the Court entered an order stating that appellant had not filed a replacement brief and ordered him to file a replacement brief in

include any assignments of error as required by Rule 5A:20(c). Appellant failed to include the standard of review and argument with citations to legal authorities as required by Rule 5A:20(e). Appellant failed to include in his certificate whether he waived oral argument, nor did he include the number of words contained in the document. Rule 5A:20(h).

Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that appellant's failure to comply with Rule 5A:20 is significant, so we will not consider appellant's arguments. Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

Accordingly, we affirm for the reasons stated by the commission in its final opinion. Rule 5A:27. See Procise v. Suitt Constr. Co., VWC File No. 185-26-26 (May 23, 2012).

Affirmed.

---

compliance with the Rules within ten days. Appellant failed to do so. Therefore, we consider the opening brief filed by appellant on August 28, 2012.