COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Haley

ANDRES VASQUEZ

MEMORANDUM OPINION*
v.      Record No. 2284-12-4                            PER CURIAM
                                                         JULY 2, 2013
RANDSTAD NORTH AMERICA AND
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA

               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Andres Vasquez, *pro se*, on briefs).

               (Benjamin J. Trichilo; Laura Golden Liff; Angela G. Campbell;
               McCandlish & Lillard, P.C., on brief), for appellees.


        Andres Vasquez (claimant) appeals a decision of the Workers' Compensation

Commission affirming a deputy commissioner's ruling terminating his temporary total disability

benefits and denying his requests for a change in treating physicians and an assignment of a

Spanish-speaking adjuster.  On appeal, claimant includes thirteen assignments of error

challenging the commission's decision.

        Claimant filed his opening brief with this Court on April 18, 2013.  Upon receiving

claimant's opening brief, this Court instructed claimant that his brief failed to comply with

Rules 5A:4(d), 5A:20(c), 5A:20(d), 5A:20(e), 5A:20(h), and 5A:24(a), and instructed him to

submit a replacement opening brief.  Upon receiving an extension of time to file a replacement

opening brief, claimant filed a replacement opening brief on May 13, 2013.  The replacement did

not correct all of the deficiencies in the original brief.

---

Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Rule 5A:20(c) requires "a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Rule 5A:20(d) requires a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Rule 5A:20(e) requires that the brief include the "standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

In his replacement opening brief, claimant presents a narrative of the evidence viewed in the light most favorable to his contentions and cites no authority or precedent supporting the issues he raises on appeal. "Under our standard of review, [however,] when we consider an appeal from the commission's decision, we must view the evidence in the light most favorable to the party who prevailed before the commission." K&K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 229 (2005). Furthermore, Rule 5A:20(e) requires that an appellant's opening brief to this Court contain "[t]he principles of law, the argument, and the authorities relating to each question presented." Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Simply put, claimant's brief does not comply with Rule 5A:20(e); it fails to include sufficient principles of law or any citation to legal authorities in support of the issues. Claimant's brief also fails to reference the pages of the transcript, written statement, record, or appendix where each assignment of error was preserved. See Rule 5A:20(c).

Claimant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Nor is it this Court's "function to comb

through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims."

Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel."  Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that appellant's failure to comply with Rule 5A:20 is significant, so we will not consider his arguments.  See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

Accordingly, we summarily affirm without comment on the merits of the errors assigned on appeal.[1]  Rule 5A:27.

Affirmed.

---

[1] We deny appellees' motion to dismiss the appeal.