COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Decker and Senior Judge Coleman

EDDIE R. CANTOR

v.      Record No. 1935-13-3

WESTMORELAND COAL COMPANY AND
 WELLS FARGO DISABILITY/HEALTHSMART
 CASUALTY CLAIMS SOLUTION

MEMORANDUM OPINION*
PER CURIAM
APRIL 8, 2014

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Eddie R. Cantor, *pro se*, on brief).

(Nathaniel D. Moore; Penn, Stuart & Eskridge, on brief), for
appellees.

Eddie R. Cantor (claimant) appeals an August 7, 2013 decision of the Workers'

Compensation Commission affirming a deputy commissioner's finding that treatment provided

to claimant by his doctor was not causally related to claimant's compensable work injury.

Claimant filed his opening brief with this Court on December 30, 2013.  Upon receiving

claimant's brief, this Court instructed claimant that his brief failed to comply with

Rules 5A:20(c), 5A:20(d), 5A:20(e), and 5A:20(h) and instructed him to submit a set of

replacement pleadings.  Claimant failed to submit a replacement opening brief and informed the

Court that he was unable to comply with the Rules.

Rule 5A:20(c) requires a "statement of the assignments of error with a clear and exact

reference to the page(s) of the transcript, written statement, record, or appendix where each

assignment of error was preserved in the trial court."  Rule 5A:20(d) requires a "clear and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Rule 5A:20(e) requires that the brief include the "standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

In his brief on appeal, claimant includes no clearly articulated assignments of error, nor any references to the pages of the transcript, written statement, record, or appendix where any assignment of error was preserved. <u>See</u> Rule 5A:20(c). He presents a limited narrative of the events since his 1988 compensable injury but cites no authority or precedent supporting any arguments he makes on appeal. Rule 5A:20(e) requires that an appellant's opening brief to this Court contain the "principles of law and the authorities" relating to each assignment of error. Mere unsupported assertions of error "do not merit appellate consideration." <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Claimant's brief does not comply with Rule 5A:20(e); it failed to include sufficient principles of law or any citation to legal authorities. Claimant's brief also failed to reference the pages of the transcript, written statement, record, or appendix where each assignment of error was preserved. <u>See</u> Rule 5A:20(c).

Claimant has the burden of showing that reversible error was committed. <u>See</u> <u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." <u>Buchanan</u>, 14 Va. App. at 56, 415 S.E.2d at 239. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." <u>Townes v. Commonwealth</u>, 234 Va. 307, 319,

362 S.E.2d 650, 657 (1987); <u>see</u> <u>also</u> <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that appellant's failure to comply with Rule 5A:20 is significant, so we will not consider his arguments.  <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

Accordingly, we summarily affirm for the reasons without comment on the merits of this appeal.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>