UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Decker and Senior Judge Coleman

JANICE WOLK GRENADIER

v.      Record No. 2141-13-4

DAVID MARK GRENADIER

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 16, 2014

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
James C. Clark, Judge

(Janice Wolk Grenadier, *pro se*, on brief).

No brief for appellee.

Janice Wolk Grenadier appeals an order denying her motions and quashing her subpoenas

based on Rule 1:1. Through her twelve assignments of error, appellant argues that the circuit court

acted erroneously and violated her rights. Upon reviewing the record and opening brief, we

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the

circuit court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Appellant and appellee were divorced on July 5, 2000. In July 2013, appellant filed a

"Motion for the Circuit Court Judges Kemler, Dawkins and Clark to recuse themselves following

the direction of the law under Virginia Supreme Court Rule 17.1-105(b)," "Motion for Property

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Settlement Agreement in the Divorce between Plaintiff and Defendant as Defendant has acted in a Fraudulent Manor [sic] since October of 1985 – New evidence a [sic] in recent weeks supports this," "Motion [sic] Demand Trial by Jury and Change of Venue," and "Subpoena for Production of Documents." Appellee filed a response in opposition to appellant's motions. On October 3, 2013, the circuit court entered an order denying appellant's motions and quashing the subpoenas seeking production of documents, pursuant to Rule 1:1. This appeal followed.

ANALYSIS

Appellant argues that the circuit court made numerous errors, including denying her request for recusal of the judge, denying appellant "her day in court," and violating her constitutional and statutory rights.

The circuit court entered the parties' final decree of divorce on July 5, 2000. In July 2013, appellant sought to re-open the divorce matter and present new evidence. The circuit court denied appellant's motions, citing Rule 1:1.

"Rule 1:1 provides that such orders 'shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.' This rule governs final divorce decrees no less than any other final order of the circuit court." Cabral v. Cabral, 62 Va. App. 600, 606, 751 S.E.2d 4, 7-8 (2013) (citations omitted).

Since the circuit court entered the final decree thirteen years earlier, the circuit court did not err in denying her motions pursuant to Rule 1:1.[1]

Moreover, we note that appellant did not file any objections to the circuit court's October 3, 2013 order, nor did she file a motion to reconsider. For the first time on appeal, appellant

---

[1] Appellant also argues that the circuit court erred when it entered several other orders dating back to incidents from 2010, 2011, and 2012 that occurred prior to her filing her 2013 motions which are the subject of this appeal. The prior orders were not appealed and are considered final orders. Rule 1:1. Accordingly, we will not consider appellant's arguments regarding past orders.

raises new arguments in her opening brief, including that the circuit court acted prejudicially against her, gave deferential treatment to appellee, his family, and his attorney, and "collect[ed] fees for services [appellant] has been denied." These arguments were not preserved pursuant to Rule 5A:18.[2]

In order to show where she preserved her arguments, appellant frequently refers this Court to "pssm throughout the Appendix." Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[2] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.