UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Felton

CHERIF TOURE

v.      Record No. 0044-15-2

DAL GLOBAL SERVICES AND
  GALLAGHER BASSETT SERVICES, INC.

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 15, 2015

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Cherif Toure, *pro se*, on brief).

No brief for appellee.

Cherif Toure (claimant) appeals a December 10, 2014 decision of the Workers'

Compensation Commission. The commission affirmed a deputy commissioner's opinion finding

claimant's treatment on December 24, 2013 was not causally related to his compensable injuries

and that the evidence failed to prove a need for additional opinions about his back or elbow.

Claimant appears to contend the commission erred by affirming the deputy commissioner's

opinion.

Upon receiving claimant's opening brief, this Court informed claimant that his brief

failed to comply with Rules 5A:4(b), 5A:4(d), 5A:20(c), 5A:20(d), 5A:20(e), and 5A:20(h) and

instructed him to submit an amended opening brief. Claimant's replacement opening brief has

failed to correct all of the deficiencies in the original opening brief.

Rule 5A:20(c) requires "[a] statement of the assignments of error with a clear and exact

reference to the page(s) of the transcript, written statement, record, or appendix where each

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

assignment of error was preserved in the trial court." Rule 5A:20(d) requires a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Claimant's opening brief does not include any reference to the pages of the transcript, written statement, record, or appendix where any assignment of error was preserved. See Rule 5A:20(c). It also includes only a very short statement of facts that does not relate to the assignments of error and does not refer to the transcript or record. See Rule 5A:20(d).

Rule 5A:20(e) requires that an appellant's opening brief to this Court contain "[t]he principles of law, the argument, and the authorities relating to each question presented." Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Claimant's brief does not comply with Rule 5A:20(e); it fails to include any principles of law or any citation to legal authorities in support of any issues raised.

Claimant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [claimaint's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that claimant's failure to comply with Rule 5A:20 is significant, so we will not consider his arguments. <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008); <u>cf.</u> Rules 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

Accordingly, we summarily affirm the commission's decision.[1]  Rule 5A:27.

<u>Affirmed.</u>

---

[1] We deny appellees' motions to dismiss.