UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

RUSSELL J. FERGUSON

v.      Record No. 0003-15-4

SANTEE, INC. AND
 COMMONWEALTH CONTRACTORS
 GROUP SELF-INSURANCE ASSOCIATION

MEMORANDUM OPINION*
PER CURIAM
JANUARY 19, 2016

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Russell J. Ferguson, *pro se*, on brief).

No brief for appellees.

Russell J. Ferguson (claimant) appeals a November 21, 2014 decision of the Workers'

Compensation Commission affirming a deputy commissioner's opinion finding claimant failed

to prove he sustained a compensable knee injury in his May 8, 2012 work accident.  Claimant

appears to contend the Commission erred by affirming the deputy commissioner's opinion.

Claimant filed his opening brief with this Court on February 18, 2015.  Upon receiving

claimant's opening brief, this Court instructed claimant that his brief failed to comply with Rules

5A:4(b), 5A:4(d), 5A:20(c), 5A:20(d), 5A:20(e), and 5A:20(h), and instructed him to submit an

amended opening brief.  Claimant has failed to file an amended replacement opening brief

correcting the deficiencies in the original opening brief.

Rule 5A:20(c) requires "[a] statement of the assignments of error with a clear and exact

reference to the page(s) of the transcript, written statement, record, or appendix where each

assignment of error was preserved in the trial court."  Rule 5A:20(d) requires a "clear and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Claimant's brief includes no clear assignments of error or coherent statement of facts. Claimant's brief does not include any reference to the pages of the transcript, written statement, record, or appendix where any assignment of error was preserved. See Rule 5A:20(c).

Rule 5A:20(e) requires that an appellant's opening brief to this Court contain "[t]he principles of law, the argument, and the authorities relating to each question presented." Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Claimant's brief does not comply with Rule 5A:20(e); it fails to include sufficient principles of law or any citation to legal authorities in support of any issues ostensibly raised.

Claimant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [claimaint's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that claimant's failure to comply with Rule 5A:20 is significant, so we will not consider his argument. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317

(2008); cf. Rules 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

Accordingly, we summarily affirm the decision of the Commission.[1]  Rule 5A:27.

Affirmed.

---

[1] We deny appellees' motion to dismiss.