COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Russell and Senior Judge Frank


DOMINIC L. LAYAO

v.      Record No. 1036-15-4

LLI ENTERPRISES, INC. AND
  TRAVELERS INDEMNITY COMPANY                    MEMORANDUM OPINION[*]
                                                      PER CURIAM
DOMINIC L. LAYAO                                  FEBRUARY 23, 2016

v.      Record No. 1387-15-4

LLI ENTERPRISES, INC. AND
  TRAVELERS INDEMNITY COMPANY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Dominic L. Layao, *pro se*, on briefs).

               (Scott E. Snyder; Law Offices of Mark J. Beachy, on brief), for
               appellees.


        Dominic Layao appeals two decisions of the Workers' Compensation Commission, one

involving the denial of continuing temporary total disability benefits relating to a hand injury on

March 14, 2014, and the other involving the dismissal of a separate claim for benefits relating to

alleged back injuries.  These two cases have been consolidated on appeal.

        Layao filed his opening briefs in these appeals on September 16, 2015 and September 21,

2015.  On December 11, 2015, the Court notified Layao that the opening briefs failed to comply

with Rules 5A:4(b), 5A:4(d), 5A:20(c), 5A:20(d), 5A:20(e), and 5A:20(h), and instructed Layao

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to submit a set of replacement pleadings within ten days. The Court also informed Layao that his continued noncompliance could result in summary affirmance.

Layao has failed to submit replacement pleadings in compliance with the Rules of Court.

The opening briefs do not include assignments of error, in violation of Rule 5A:20(c), or a statement of facts, in violation of Rule 5A:20(d).

Likewise, the opening briefs do not include the applicable standard of review for each assignment of error as required under Rule 5A:20(e). Rule 5A:20(h), which requires that the certificate of the brief indicate whether oral argument is waived and that a copy of the brief has been provided to opposing counsel, has not been satisfied.

This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

"Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999). We find that Layao's failure to comply with Rule 5A:20 is significant. Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008); cf. Rules 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

Accordingly, for all of these reasons, we cannot consider the issues Layao raises in his appeals and we summarily affirm the commission's rulings as stated in its final opinions. See Layao v. LLI Enterprises, Inc., JCN No. VA02000016740 (June 5, 2015), and JCN No. VA02000019957 (Sept. 1, 2015); Rule 5A:27.

Affirmed.