UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Decker, Malveaux and Senior Judge Annunziata


JOSEPH JOHNSON

MEMORANDUM OPINION[*]

v.     Record No. 0321-16-2                                       PER CURIAM
                                                                 JULY 26, 2016

BEARING CONTRACTING T/A BEARING MASONRY
 AND THE VIRGINIA CONTRACTORS
 GROUP SELF-INSURANCE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Joseph Johnson, *pro se*, on brief).

No brief for appellees.[1]


Joseph Johnson appeals a decision of the Workers' Compensation Commission finding

that he did not suffer a compensable injury by accident. The Court received Johnson's opening

brief on April 6, 2016. After receiving Johnson's opening brief, the Court, by letter dated May

16, 2016, informed Johnson that his brief failed to comply with Rules 5A:4(b), 5A:4(d),

5A:20(c), 5A:20(d), 5A:20(e), and 5A:20(h). The letter instructed him to submit an amended set

of pleadings.[2] Johnson did not respond.

Rule 5A:4(b) states, "All briefs, appendices, petitions for rehearing, and petitions for

rehearing en banc shall be bound on the left margin in such a manner as to produce a flat, smooth

binding." Johnson's brief was not properly bound.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On May 19, 2016, appellees, by counsel, filed a motion for an extension of time to file
their brief. In light of our decision herein, appellees' motion is denied as moot.

[2] Furthermore, we note that appellant's appendix failed to comply with Rule 5A:25.

Rule 5A:4(d) states, "Any brief, motion, petition, or other document that has a word count limitation in these Rules must include a certificate by the attorney, or unrepresented party, that the document complies with the applicable word count limitation." Rule 5A:4(d) further requires that the certificate include the number of words in the document. Johnson did not indicate that the document complied with the word count limitation in Rule 5A:19(a), nor did the certificate include the number of words in the brief.

Rule 5A:20(c) states that appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Johnson's brief did not include any assignments of error.

Rule 5A:20(d) states that appellant's opening brief shall include a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Johnson's brief did not include a "clear and concise" statement of facts, and the statement of facts did not reference the pages of the transcript, written statement, record, or appendix where the facts were established.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Johnson's brief did not include the applicable standard of review, nor did it include any principles of law or citations to legal authorities to support the issues ostensibly raised.

Johnson has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's

"function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that Johnson's failure to comply with Rules 5A:4 and 5A:20 is significant, so we will not consider his arguments. <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008); Rule 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); Rule 5A:26 (authorizing additional dismissal remedy in appropriate cases).

Accordingly, we affirm. Rule 5A:27.

<u>Affirmed.</u>