COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Athey and Senior Judge Clements

ALAIDA L. JONES

v.      Record No. 1481-19-2

CHESTERFIELD COUNTY PUBLIC SCHOOLS AND
 CHESTERFIELD COUNTY SCHOOL BOARD

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 21, 2020

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Alaida Jones, on brief), *pro se*.

(Megan Kerwin Clark; Whitt & Del Bueno, PC, on brief), for
appellees.

UNPUBLISHED

Alaida Jones (hereinafter "claimant") appeals a decision of the Workers' Compensation

Commission ("the Commission") on August 21, 2019, denying her claim for a back injury in

addition to the award of temporary disability and medical benefits for other injuries[1] she received

in connection with a fall at her workplace on September 17, 2018.  She seeks "back wages,

related bills, future surgery and permanent disability" for injuries she claims to have suffered

from the fall.  Claimant asserts that "too much weight was given to eyewitnesses" over the

medical evidence.  Specifically, she asserts that the deputy commissioner erred by adopting the

testimony given by Diana Gustinis because that testimony was not credible.  Claimant also

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commission affirmed the deputy commissioner's award of benefits for total
disability from September 18, 2018 to September 20, 2018, and medical benefits for injuries to
the claimant's right knee, right wrist, neck, right ankle, and right hip.  It noted further that
claimant did not seek review of the deputy commissioner's decision that she did not injure her
right shoulder, rib cage, or head in the fall.  Thus, the Commission did not address that aspect of
the deputy commissioner's ruling.

contends that the deputy commissioner erred because she "overlooked one set of medical data and relied on one set of discovery medical notes from five years ago when there were more relevant and timely medical notes and medical tests available." Third, claimant argues that the deputy commissioner "overlooked" Code § 65.2-509 of the Workers' Compensation Act. Finally, she maintains that the deputy commissioner "overlooked Worker's Compensation Rule 1.8-B."

Our appellate jurisdiction does not extend to decisions made by deputy commissioners; rather, we are limited to reviewing "final decision[s] of the Virginia Workers' Compensation Commission[.]" Code § 17.1-405(2). Claimant does not assign error to any ruling by the Commission. Accordingly, there is no ruling that lies within our jurisdiction to review. Even assuming that the opening brief assigned error to the Commission's rulings, however, it does not state where in the record the issues in the assignments of error were preserved[2] for appeal, as required by Rule 5A:20(c), or the governing standard of review for each assignment of error, as required by Rule 5A:20(e).

"[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, the Court of Appeals may . . . treat a[n assignment of error] as waived." Atkins v. Commonwealth, 57 Va. App. 2, 20 (2010) (quoting Parks v. Parks, 52 Va. App. 663, 664 (2008)). A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319 (1987); see also Francis v. Francis, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court."). Here, we find that claimant's failure to comply with Rule 5A:20 is

---

[2] Claimant provides no citation to the record for the first two assignments of error, and she cites respectively to pages 1 and 2 of her appendix for the third and fourth assignments. Pages 1 and 2 of the appendix contain the deputy commissioner's opinion.

significant.  <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520 (2008).  Claimant was provided with an opportunity to cure the defects in her opening brief and failed to do so.[3]

Accordingly, we summarily affirm the Commission's decision. <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>

---

[3] Claimant filed her original opening brief and appendix on December 19, 2019.  After being advised that her brief was not compliant with the Rules of Court, she filed an amended opening brief on April 2, 2020.