COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, Lorish and Callins

CATHY VIRGINIA LOVELACE

v.      Record No. 0925-22-3

ERIC MICHAEL ROBBINETTE

MEMORANDUM OPINION*
PER CURIAM
AUGUST 8, 2023

FROM THE CIRCUIT COURT OF SMYTH COUNTY
Deanis L. Simmons, Judge

(Cathy Lovelace, on brief), *pro se*.

(Kathryn Blauth; Southwest Virginia Legal Aid Society, on brief),
for appellee.  Appellee submitting on brief.


Cathy Lovelace, *pro se*, appeals an order awarding her tenant, Eric Robbinette, damages of

$5,040.94 under Code § 55.1-1243.1(D).  On appeal, Lovelace argues the circuit court erroneously

admitted hearsay testimony and circumstantial evidence, excluded some of her testimony, and failed

to consider her evidence.  She also challenges the court's factual findings on whether she received

notice of the general district court hearing below.  That said, Lovelace did not provide this Court

with either a transcript of the hearing below or a written statement of facts in lieu of a transcript.

Thus, the record on appeal is insufficient for this Court to reach the issues Lovelace raises, and

we affirm the circuit court's judgment.  After examining the briefs and record, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

UNPUBLISHED

BACKGROUND

Robbinette[1] rented a residence from Lovelace under a lease agreement providing that Lovelace would maintain water service in her name and the monthly rent included the "normal water bill." On November 29, 2021, Robbinette sent a text message to Lovelace asking if she "was aware" that their water had been disconnected that day; Lovelace replied that she "was not aware." Robbinette asked Lovelace to have the water turned back on; she replied that she "did not disconnect the water" service, but "evidently" the county had disconnected it "for non payment." Lovelace also wrote that Robbinette was "welcome to have water" service put in his name and she "hope[d]" he would "make arrangements with" the county for "water restoration."

Robbinette filed a petition in Smyth County General District Court (the general district court) on December 2, 2021, alleging that Lovelace had interrupted or caused the interruption of an essential service. After continuing the initial hearing for service on Lovelace, the general district court awarded Robbinette $5,040.94 in statutory and actual damages under Code § 55.1-1243.1.[2]

Lovelace appealed to circuit court. At the circuit court hearing, Lovelace submitted various water bills and payment records. A water bill dated October 22, 2021, recorded a balance of $37.71 due November 10, 2021, and alerted Lovelace that past due balances were "subject to disconnection." Another bill dated November 19, 2021, reflected the unpaid balance from the

---

[1] While the notice of appeal and appellee's brief also list Crystal Robbinette—who also signed the lease—as an appellee, she was not a party to the circuit court's final order below, and thus is not a party to this appeal.

[2] The statute provides remedies to tenants who present evidence establishing that their landlord has "willfully and without authority from the [general district] court (i) removed or excluded the tenant from the dwelling unit unlawfully, (ii) interrupted or caused the interruption of an essential service to the tenant, or (iii) taken action to make the premises unsafe for habitation." Code § 55.1-1243.1(A). Upon "a full hearing on a petition filed pursuant to [Code § 55.1-1243.1] and upon evidence establishing one or more of the factors in subsection A, the tenant shall recover (i) the actual damages sustained by him; (ii) statutory damages of $5,000 or four months' rent, whichever is greater; and (iii) reasonable attorney fees." Code § 55.1-1243.1(D).

month before plus new usage charges and penalties and special charges, for a total of $217.25 due December 10, 2021; it again warned that past due balances were "subject to disconnection." On November 30, 2021, Lovelace sent $100 to the county water department through her bank's bill payment service, to be delivered by December 6, 2021. Lovelace sent another payment of $217.25 on December 24, 2021, to be delivered by December 30, 2021.

After hearing the evidence and arguments, the circuit court awarded Robbinette statutory damages of $5,000 and actual damages of $40.94 by order entered May 25, 2022. Lovelace appeals.

ANALYSIS

Lovelace argues that the circuit court erred by (1) failing to allow her to testify about not receiving notice of the original hearing in the general district court, (2) wrongly admitting text messages between her and Crystal Robbinette, (3) disregarding her evidence that she did not "willfully" cause the water service disconnection, (4) erroneously concluding that she received proper notice of the general district court hearing, and (5) wrongly finding that Lovelace's payment of the $100 on November 30, 2021 was "too coincidental."

"On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the trial court has erred in the respect alleged by appellant." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). Although Lovelace said that she would file a written statement of facts in lieu of a transcript, she failed to do so; the record does not include a transcript of the May 24, 2022 hearing either. "When the appellant fails to ensure that the record contains transcripts *or* a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii) (emphasis added).

Because Lovelace has failed to make a transcript or a written statement of facts in lieu of a transcript part of the record, we must consider whether information about what happened in the hearing below is indispensable to a determination of the assignments of error raised on appeal. *See Bay*, 60 Va. App. at 528-29. Lovelace challenges the court's decisions to admit certain evidence, and to exclude other evidence. She also asserts that the court improperly weighed the evidence that was admitted and that she did not receive proper notice of the hearing. Robbinette argues that Lovelace failed to object to the admission of any evidence below and that she also raised no concern as to the notice she received of the hearing. *See* Rule 5A:18 (an appellate court will only consider arguments that timely were raised in the trial court). Without a transcript or a written statement of facts in lieu of a transcript, the record does not contain the arguments Lovelace made to the circuit court. The record also lacks the circuit court's findings, their basis, and the reasons given by the circuit court for its ruling. *See Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (finding that a complete transcript was necessary for review of assignments of error raised on appeal because the record did not disclose the "parties' evidence and arguments below"). Thus, we cannot determine whether Lovelace preserved any of her issues for appeal or whether the circuit court erred in excluding testimony, admitting evidence, or finding that Lovelace "willfully" caused the water service termination.

Accordingly, after reviewing the record and the briefs filed on appeal, we conclude that a transcript or a written statement of facts in lieu of a transcript of the circuit court hearing is indispensable to resolve Lovelace's assignments of error raised on appeal. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009). Because Lovelace failed to ensure

that the record contains the necessary transcript or written statement of facts, we cannot reach her

assignments of error raised on appeal.[3]  *See* Rule 5A:8(b)(4)(ii).

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.[4]

*Affirmed.*

---

[3] We acknowledge that Lovelace is proceeding *pro se*, but a *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." *Townes v. Commonwealth*, 234 Va. 307, 319 (1987); *see also Francis v. Francis*, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court.").

[4] Both parties have moved for an award of appellate attorney fees. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Friedman v. Smith*, 68 Va. App. 529, 545 (2018); *see also* Rule 5A:30(b). On consideration of the record before us, we deny both requests for attorney fees incurred on appeal.